IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES J. ARMOND,            )
                              )
        Plaintiff,             )
                              )
    v.                         )   Civil Action No. 10-1195
                              )
SHEETZ, INC.,                  )
                              )
        Defendant.             )
                              )

MEMORANDUM ORDER

This is an action under the Americans with Disabilities Act. Plaintiff, Charles J. Armond, has filed a motion to compel inspection of property [doc. no. 12]. Armond seeks to videotape the interior of three Sheetz stores for the purpose of demonstrating to a jury that the accommodation that Sheetz offered him was not viable; namely the use of a wheelchair or scooter. According to Armond, a wheelchair or scooter could not fit into all areas of the store to which he would require access as a quality control inspector. According to Sheetz, because "Armond flatly refused" this accommodation, the viability of it is irrelevant.

It is premature to make any determinations regarding the reasonableness of any proposed accommodations or the fault to be assigned in the context of the interactive process. The parties are in the discovery phase of this lawsuit, and Armond's requested inspection is reasonably

calculated to lead to the discovery of admissible evidence. Therefore, Sheetz's objections to Armond's request on the ground that it is irrelevant are not well-founded.

We similarly find that Sheetz's objections to Armond's request on the grounds that the configuration of stores may have changed since the time Armond worked in them, and that Armond is not requesting an inspection of all stores in which he worked are not well-founded. While these points may make Armond's position subject to attack and counter-evidence, they do not make Armond's request improper.

Finally, Sheetz has objected to Armond's request to videotape in three of its stores on the ground that it would be burdensome to do so because the stores operate 24 hours a day, 7 days a week. We find that this objection may be well-founded, to some extent. We direct the parties to cooperate in determining a time during which it would be most convenient to have video equipment in the publically accessible areas of the store. This may well be overnight, and if so, we find it reasonable for Sheetz to confine the videotaping to those hours. We also instruct the parties to explore alternatives, or supplements, to videotaping, such as disclosing floor plans, taking still pictures, or permitting measurements of the stores, just to name a few.

Therefore, this 27th day of December, 2010, Armond's motion to compel [doc. no. 12] is GRANTED. Sheetz shall permit Armond reasonable access to the stores located in Cranberry, Pittsburgh, and Rochester, Pennsylvania in order to take video footage.

_____, C.J.